IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES MOORE § | |
| § | |
| v. § | |
| § | Case No. 2:22-cv-456-RWS-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

### REPORT AND RECOMMENDATION

On June 1, 2022, Administrative Law Judge Frank L. Gregori issued a decision finding that Petitioner Charles Moore was not disabled within the meaning of the Social Security Act from August 15, 2018 through the date of the decision. Mr. Moore, who was 54 with a high school education at that time[1], was found to be suffering from severe impairments consisting of depression, anxiety, posttraumatic stress disorder, benign hypertension, polysubstance abuse, degenerative disc disease, and osteoarthritis. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least August 15, 2018, the alleged onset date. Before that time he had worked as a crane operator for many years. He was unable to return to that type of work.

After reviewing the medical records and receiving the testimony at the May 17, 2022, telephone hearing at which Petitioner was represented by his counsel Julie Kantor, the ALJ determined that Petitioner had the residual functional capacity to perform light work, which

---

[1] Dr. Murdock noted that Petitioner said he had a 9th grade education (Tr. 518), whereas Dr. Niner noted a high school education (Tr. 514), and Dr. Garland noted a 10th grade education with a GED (Tr. 509).

1

includes the ability to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, he can stand and/or walk for a total of six hours, and sit for six hours. He can only occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl. He can never climb ladders, ropes, or scaffolds, and must avoid concentrated exposure to vibration and workplace hazards such as working at unprotected heights and operating moving machinery. Mentally, he can understand, remember, carry out, and maintain adequate concentration, persistence and pace on only simple and low-level detailed tasks throughout an eight-hour workday with customary work breaks. He can only occasionally interact with coworkers and should have no interaction with the general public. He can interact with supervisors for the purpose of task completion, and he can adapt to only infrequent changes that are gradually introduced into the work environment.

Relying upon the testimony of a vocational expert, Gary Sturgill, the ALJ determined that Petitioner lacked the capacity to perform his past relevant work. However, the ALJ concluded that Petitioner did have the capacity to perform jobs that exist in significant numbers in the national economy such as marking clerk, routing clerk, and copying machine operator. Tr. 27-28. This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on September 27, 2022. Petitioner timely filed this action for judicial review seeking remand of the case for "*de novo* hearing with a different ALJ and a new decision."

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v.*

*Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1) The ALJ's mental RFC determination is not supported by substantial evidence as he failed to properly evaluate the opinion of consultative examiner Dr. Campbell and Psychological Examiner Garland.

2) The ALJ's physical RFC determination is not supported by substantial evidence as he failed to properly evaluate the opinion from consultative examiner Dr. Niner.

*Issue No. 1:*

Petitioner contends that the ALJ did not give appropriate weight to the report of Alice Garland, M.S., a psychological examiner who evaluated petitioner on December 10, 2020. Tr. 508-511. Her report was also signed by Dr. Jerry Campbell, Psy.D., but it appears that Dr. Campbell is signing as Ms. Garland's supervising doctor and that the evaluation was performed by Ms. Garland. On the day of the interview, petitioner "was cooperative but very tearful and seemed agitated." Tr. 508. "Insight and judgement seemed fair to poor. Affect was blunted and he seemed anxious, agitated, and very tearful." Tr. 509. Ms. Garland's "medical assessment" was

3

just three lines: "The client's ability to perform complex and detailed tasks.  Mild to moderate.  The client's ability to persist and concentrate, work with the public, and adapt appears marked."  Tr. 510-511.  Petitioner's brief complains that the ALJ rejected Ms. Garland's finding of a "marked" limitation in concentration, persistence, and pace, but that does not fairly describe the ALJ's opinion.  The ALJ discusses Ms. Garland's brief finding in several places in the lengthy opinion, but he makes his reasoning clear earlier in the opinion.  On September 28, 2021, nine months after Ms. Garland's evaluation, petitioner was evaluated by Dr. Michele Murdock, Psy.D. Tr. 517-522.  Unlike Ms. Garland, Dr. Murdock found that petitioner had only moderate impairment inn his ability to sustain concentration, mild impairment in his ability to adapt to change, and not impairment in his ability to follow instructions.  Tr. 521.  It was the more recent opinions of Dr. Murdock that the ALJ relied upon in finding only mild and moderate impairments where Ms. Garland had found marked ones.  Tr. 15-16.  The ALJ was well within his proper role in weighing the competing testimony of non-treating, examiners.  The report of Dr. Murdock provides substantial evidence to support the ALJ's mental residual functional capacity determination..

*Issue No. 2:*

This issue deals with whether the ALJ had a proper basis to discount the opinions of consultative physical examiner Dr. Paul Niner, M.D.  Dr. Niner performed two examinations of petitioner, but he was not a treating physician.  Even as to treating physicians, the courts recognize that the ALJ has discretion to weigh their testimony.  The Fifth Circuit has long held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in

determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985).  However, "[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990).  Thus, the Fifth Circuit has held that:

> "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."

*Scott v. Heckler*, 770 F.2d 482 at 485 (5th Cir. 1985).  The same is even more true as to consultative examiners.

The ALJ found unpersuasive consultative examiner Dr. Niner's October 2021 opinion that petitioner "can walk 50 yards, sit unlimited, stand 15 minutes, lift 30 lbs."  Tr. 526.  At the earlier examination in January 2021, Dr. Niner had made the very different finding that petitioner could "sit, stand, and walk for eight hours a day but require frequent breaks due to generalized pain in the joints and in the lower back and can lift up to 30 lbs. short distances from the leveled position, as far as bending and lifting probably not an option."  Petitioner accurately points out in brief that there are a number of findings in the medical records that support to one extent or another the more severe finding of Dr. Niner.  However, the ALJ reviews at great length the findings in the medical records, in petitioner's statements of activities of daily living, in petitioner's ability to handle his pain without medication and with rarely seeking any treatment, and even in Dr. Niner's own findings, that weigh against the limitations imposed by Dr. Niner that are inconsistent with the RFC found by the ALJ.  Weighing conflicting medical evidence is the province of the ALJ.  This is true "even if the evidence preponderates against the Secretary's decision." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).  "In applying the substantial evidence standard, the court

5

scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir.2005).

Giving proper effect to the deference acknowledged in *Scott v. Heckler*, the Court finds that substantial evidence in the record supports the residual functional capacity determination of the ALJ, and that the hypothetical posed to the vocational expert properly captured that determination.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner should be affirmed and this action should be DISMISSED.

**SIGNED this 11th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE