IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES MOORE, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-456 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Charles Moore's objections to the Magistrate Judge's Report and Recommendation. Docket No. 18. The case was referred to United States Magistrate Judge Roy Payne pursuant to 28 U.S.C. § 636(b)(1) and (3).

## BACKGROUND

On June 1, 2022, after a hearing, Administrative Law Judge ("ALJ") Frank L. Gregori issued a decision finding that Plaintiff Charles Moore was not disabled within the meaning of the Social Security Act. Docket No. 9 at 1. Moore was found to suffer "from the severe impairments of depression, anxiety, posttraumatic stress disorder, benign hypertension, polysubstance abuse, degenerative disc disease, and osteoarthritis." *Id.* at 2. Despite these impairments, the ALJ determined that Moore had the residual functional capacity to perform light work. *Id.* Accordingly, the ALJ found that Plaintiff had not been under a disability. *Id.* Plaintiff timely appealed the ALJ's determination to the Appeals Council, which denied review. *Id.* at 2–3.

Plaintiff then filed a complaint against the Commissioner of Social Security alleging the Administrative Law Judge's findings were improper. Docket No. 1. The Magistrate Judge entered

a Report recommending that Plaintiff's complaint be dismissed. Docket No. 17. Plaintiff timely filed objections to the Report. Docket No. 18.

## ANALYSIS

Plaintiff's chief objection is that the Report applies incorrect law in its examination of the ALJ's weighing and balancing of testimony of various doctors. Docket No. 18 at 1–2. Plaintiff argues the report did not apply 20 C.F.R. § 404.1520c. *Id.* Plaintiff argues that under § 404.1520c, claims filed after March 27, 2017 no longer give "deference to any medical opinions, and they are instead evaluated [*sic*] under the required supportability and consistency factors." *Id.* Plaintiff argues that because the Report applies the wrong standard, it misses the Plaintiff's argument "that the ALJ never offered any basis as to how the significant findings of Ms. Garland and Dr. Campbell did not support their opinion, as the ALJ never completed the required supportability analysis under the regulations." *Id.* at 2–4. On this same reasoning, Plaintiff argues Dr. Niner's opinion was also analyzed using the wrong level of deference. *Id.* at 5.

The Court has performed a *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. While Plaintiff is correct that Section 404.1520c governs the deference ALJ's can give to medical provider's opinions, the ALJ applied Section 404.1520c correctly. Plaintiff's objections are therefore without merit.

The standard of review of an ALJ's determination has not changed—"review of the ALJ's determination is both highly deferential and limited" and "limited to whether the decision is supported by 'substantial evidence' and whether the correct legal standards were applied." *Williams v. Kijakazi*, No. 23-30035, 2023 WL 5769415, at *1 (5th Cir. Sept. 6, 2023). The Court may not reweigh evidence, substitute its judgment for the ALJ's judgment, or resolve conflicts of evidence. *Id.*

The Fifth Circuit has explained the shift in the level of deference that ALJs can credit to medical providers under Section 404.1520c for claims filed after March 27, 2017. *See, e.g.*, *id.*, at *2.[1] Under Section 404.1520c, ALJs may consider several factors when considering medical opinions and prior administrative medical findings:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.
>
> (3) Relationship with the claimant. This factor combines consideration of the issues in paragraphs (c)(3)(i) through (v) of this section.
>
>> (i) Length of the treatment relationship. The length of time a medical source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
>>
>> (ii) Frequency of examinations. The frequency of your visits with the medical source may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
>>
>> (iii) Purpose of the treatment relationship. The purpose for treatment you received from the medical source may help demonstrate the level of knowledge the medical source has of your impairment(s).
>>
>> (iv) Extent of the treatment relationship. The kinds and extent of examinations and testing the medical source has performed or ordered from specialists or independent laboratories may help demonstrate the level of knowledge the medical source has of your impairment(s).

---

[1] As stated by the Fifth Circuit, "the Social Security Administration promulgated new regulations applicable to disability claims filed on or after March 27, 2017, found at 20 C.F.R. §§ 404.1520c . . . . These new regulations eliminate the old hierarchy of medical opinions, no longer provide for any inherent or presumptive weight, and do away with the examining and non-examining physician terminology" *Id.* (quoting *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018)).

> (v) Examining relationship. A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.
>
> (4) Specialization. The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.
>
> (5) Other factors. We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding. This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements. When we consider a medical source's familiarity with the other evidence in a claim, we will also consider whether new evidence we receive after the medical source made his or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive.

20 C.F.R. § 404.1520c(c).

These factors provide ALJs with more flexibility when weighing medical evidence—not less. *See Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) (finding that ALJs are no longer required to give controlling weight to a treating physician's opinion but may consider a number of factors to determine "what weight, if any, to give a medical opinion"). Nevertheless, a consultant's testimony may inherently be given less weight based on their lack of relationship with the patient. *See* 20 C.F.R. § 404.1520c(c)(3); *see also Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018), *as revised* (Oct. 16, 2018) (noting examining physicians' opinions may be given more weight than consultant opinions because "the examining relationship provides them with a better understanding of an applicant's condition" and consistency with observations is a factor in determining the value of any doctor's opinion). "The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on 'objective medical evidence and supporting explanations' and the 'consistency' of the source's opinion with the evidence from other medical and nonmedical sources in the claim." *Webster*, 19 F.4th at 718.

First, it is clear that the ALJ applied the appropriate legal framework. The ALJ's determination weighed the two most important considerations under Section 404.1520c—consistency and support. 20 C.F.R. § 404.1520c(b)(2). For example, as Plaintiff admits, the ALJ found "Ms. Garland's medical opinion of marked limitations in the [Plaintiff's] ability to persist and concentrate and adapt is not *supported* by her findings and is not *consistent* with the [Plaintiff's] reported activities." Docket No. 6-2 at 27. (emphasis added). Similarly, the ALJ finds the prior administrative medical findings more persuasive than Dr. Niner's medical opinions because they "are more well-supported and consistent with the claimant's treatment records and his reported activities." Docket No. 6-2 at 25.[2]

Upon a *de novo* review of the record, the Court agrees with the Magistrate Judge's factual findings that the ALJ discusses Ms. Garland's opinions in several places and that Plaintiff "does not fairly describe the ALJ's opinion." *See* Docket No. 17 at 16–17. Plaintiff objects because he maintains that "the ALJ never offered any basis as to how the significant findings of Ms. Garland and Dr. Campbell did not support their opinion."[3] Docket No. 18 at 2. The Court agrees with the Report that the ALJ provided sufficient information to explain which findings he found unsupported or inconsistent, including his reasoning. For example, the ALJ explains:

> Ms. Garland's medical opinion at Exhibit 3F that the claimant has mild to moderate limitations in his ability to perform complex and detailed tasks is persuasive as it is well-supported by her findings and is consistent with the mental status examination findings noted in Dr. Murdock's consultative evaluation report. However, Ms. Garland's medical opinion of marked limitations in the claimant's ability to persist

---

[2] It is not administratively feasible for ALJs "to articulate in each determination or decision how [the ALJ] considered all of the factors for all of the medical opinions and prior administrative medical findings in [the Plaintiff's] case record." 20 C.F.R. § 404.1520c(b). As discussed herein, the ALJ sufficiently articulated his consideration of the evidence pursuant to Section 404.1520c.

[3] The Court agrees with the Magistrate Judge's determination that the report of Alice K. Garland, M.S., L.S.P.E report was also signed by Dr. Jerry Campbell, Psy.D., a supervising doctor. *See* Docket No. 17 at 3; *see also, e.g.*, Docket No. 6-7 at 161–165.

and concentrate and adapt is not supported by her findings and is not consistent with the claimant's reported activities.

Docket No. 6-2 at 27. Similarly, Plaintiff objects to the adequacy of the ALJ's consideration of Dr. Niner's opinion. After reviewing the record, the Court finds that the ALJ provided sufficient information to explain why he thought Dr. Niner's opinions were inconsistent and unsupported. *See, e.g.*, Docket No. 6-2 at 25–27.

For these reasons, the record itself shows that the ALJ applied the correct framework appropriately to reach his ultimate conclusion. Plaintiff's objections that the Magistrate Judge and the ALJ inappropriately weighed the medical evidence and applied the incorrect legal standard are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 18) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 17) is **ADOPTED WITH MODIFIED REASONING** as the opinion of the District Court. It is further

**ORDERED** that the above captioned matter is **DISMISSED**.

**So ORDERED and SIGNED this 28th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE